IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 27 2022

KEVIN P. WEIMER, Clerk
By: Kimberly H. ~~Deputy~~ Clerk

| | |
|---|---|
| RON LESLIE ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 1:22-CV-4293 |
| ) | |
| 1125 HAMMOND LP D/B/A ) | |
| SYNC RESIDENTIAL, SUN ) | JURY DEMAND |
| HOLDINGS GROUP D/B/A SYNC ) | |
| RESIDENTIAL, THE BARVIN ) | |
| GROUP, LLC, ELYSIAN ) | |
| LIVING, LLC, CHAD HEARD, and ) | |
| COURTNEY PEREZ ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now, Ron Leslie plaintiff, pro se, pursuant to O.C.G.A. § 9-2-61 moves the Court for entry.

This is an action for legal and equitable relief to redress the abuse of a disabled adult and to redress the discrimination in housing on the basis of disability. This action arises under The Fair Housing Act, 42 U.S.C. § 360, *et seq*. This action was originally filed in the Magistrate Court of Fulton County case 21MS156688 and dismissed April 26, 2022, but now, is being refiled in this court pursuant to O.C.G.A. § 9-2-61.

## BACKGROUND

1.

From October 1, 2018 to July 31, 2019, the plaintiff submitted reasonable accommodations to the defendants to pay rent by the 15th of each month to allow for the plaintiff to receive disability or medical assistance funds.

2.

On June 26, 2019, the defendants received a billing statement from the plaintiff for July rent. The total due for July rent was $1,315.26

3.

On July 12, 2019, the plaintiff paid $1,315.26 to the landlord in certified funds.

4.

On July 15, 2019, the defendants cashed the certified funds paid to the the defendants in the amount of $1,315.26.

5.

On July 20, 2019, the plaintiff received a billing statement from the defendants for August rent. The statement has total due for August rent as $1,306.70. Since July rent was paid to the landlord on July 12, 2019, there left a remaining balance of $1,306.70 due for August.

6.

On August 12, 2019, the plaintiff's August rent payment of $1,306.70 was given to the defendant's agent Chad Heard in certified funds. This leaves a balance actually being owed to me of $11.82.

7.

On August 16, 2019, without any notices or demand for late rent, the landlord filed an eviction on the plaintiff while the plaintiff's rent was still in the defendant's possession.

8.

On August 16, 2019, the plaintiff was admitted into a Hospital Emergency Room because of receiving the defendant's eviction notice.

9.

On August 29, 2019, the plaintiff was a defendant (tenant) scheduled for a Dispossessory Case #19ED132854 in the Magistrate Court of Fulton County State of Georgia filed by the defendants. Both parties were ordered by the judge to participate in the Fulton County Landlord/Tenant Mediation Program. In this public setting, the plaintiff identified himself, as a person with disabilities pursuant to the Americans with Disabilities Act, to the defendants, to the mediator, as well as the plaintiff's attorney. The Plaintiff requested, of the same participants, to decline mediation, and move forward with trial to request a continuance. The Plaintiff requested medical services and legal services before the court proceeding and during the mediation several times, however, the defendants, harassed the

plaintiff outside of the courtroom, repeatedly denied the plaintiff's requests for a reasonable accommodation, and abused the plaintiff in an attempt to coerce the plaintiff to enter into an agreement that he did not feel comfortable entering.

10.

As the plaintiff's landlord, the defendants had a duty not to engage in conduct which exploits and abuses a disabled adult. The defendants had a duty to respond to the plaintiff's requests for reasonable accommodations. The Dispossessory Case #19ED132854 should have never been filed in the Magistrate Court of Fulton County State of Georgia, because, not only did the defendants fail to serve the plaintiff a demand letter for unpaid rent, but the defendants also received and cashed the Plaintiff's rent payments. As a result of the defendant's willful actions and negligence, the plaintiff was held against his will, and the plaintiff was entered into a consent agreement to which he did not sign or freely consent to. This personal injury that the defendants caused the plaintiff has severely impacted his credit worthiness, his options for living arrangements, his earning capacity, future lost earnings, plus his current and future medical expenses for his mental and physical health.

## DAMAGES

11.

The willful discriminatory actions of the defendants were taken in reckless disregard of plaintiff's rights under 42 U.S.C. § 3604f(1), and the defendants are liable to plaintiff's in the amount of $100,000 in punitive damages pursuant to 42 U.S.C. § 3613(c)(1).

12.

Defendants violated 42 U.S.C. § 3604(f)(2) as set out herein by placing conditions on plaintiff sole because of his disabilities that were not placed on other residents.

13.

At all times, the Defendants violated 42 U.S. Code § 3604(f)(3)(B) as set out herein by refusing to respond to and make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford the plaintiff an equal opportunity to use and enjoy the defendant's dwelling. In circumstances like these, courts have held that a failure to respond can operate as a rejection of the request. Similarly, an "undue" delay can amount to a rejection.

14.

Defendants violated 24 CFR §100.60(b)(3) as set out herein by Imposing different sales prices or rental charges for the rental of a dwelling upon the plaintiff because of handicap.

15.

Defendants violated 24 CFR §100.60(b)(5) as set out herein by Evicting the plaintiff because of his handicap.

16.

Defendants violated Plaintiff's rights under the Fair Housing Act by interfering and intimidation and retaliating against him in violation of 42 U.S.C. § 3617.

17.

The plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. § 3613(c)(2).

18.

Defendants breached a legal covenant with the plaintiff by violating his right to quiet enjoyment as pursuant to Georgia law. As a tenant, the Plaintiff was entitled to enjoy private and peaceful living conditions as well as exclusive possession and reasonable use of the defendant's common areas without interference.

19.

The defendants breached its apartment rental contract with the plaintiff. (Therefore, the defendants have violated the plaintiffs rights under O.C.G.A. 9-3-24)

20.

Defendants violated O.C.G.A. § 13-6-2 as set out herein by not adhering to fair housing laws.

21.

The plaintiff is entitled to damages for the defendant's breaches pursuant to O.C.G.A. § 13-6-2.

22.

The actions of the Defendants violated O.C.G.A. § 8-3-202 et. seq.

23.

Defendants violated O.C.G.A. 44-7-52(c) as set out herein by filing an eviction on the plaintiff after receiving a partial payment from the plaintiff. Greenhill v. Allen

24.

Defendants violated O.C.G.A. 44-7-50 as set out herein by failing to demand possession of the plaintiff's rental unit, either orally or in writing, before filing an affidavit with the Fulton County court to begin the eviction proceedings.

25.

Defendants violated O.C.G.A. § 44-7-7 as set out herein by failing to provide plaintiff with a 30 day or 60 day notice of lease termination prior to filing an eviction on the plaintiff.

26.

Defendants violated O.C.G.A. 44-7-14.1 as set out herein by attempting to evict the plaintiff without a court order.

27.

Defendants violated O.C.G.A. § 33-3-28(a)(2) as set out herein by attempting to use self help methods to coerce an eviction of the plaintiff.

28.

Defendants violated O.C.G.A. § 16-5-100(6) as set out herein by exploiting the plaintiff.

29.

The willful actions of the defendants were taken in reckless disregard of the plaintiff's status as a disabled adult as defined by O.C.G.A. § 16-5-100(3).

30.

The defendants are liable to the plaintiff in the amount of $50,000 in punitive damages pursuant to O.C.G.A. § 16-5-102(a).

31.

The defendants abused the plaintiff as defined by O.C.G.A. § 30-5-3(1). "<u>Abuse</u>" means the willful infliction of physical pain, physical injury, sexual abuse, mental anguish, unreasonable confinement, or the willful deprivation of essential services to a disabled adult or elder person.

32.

The willful actions of the defendants were taken in reckless disregard of the plaintiff's status as a disabled adult as defined by O.C.G.A. § 30-5-3(6). "<u>Disabled adult</u>" means a person 18 years of age or older who is not a resident of a long-term care facility, as defined in Article 4 of Chapter 8 of Title 31, but who is mentally or physically incapacitated or has Alzheimer's disease, as defined in Code Section 31-8-180, or dementia, as defined in Code Section 49-6-72.

33.

The plaintiff is a disabled adult in need of protective services as defined by O.C.G.A. § 30-5-3(7). "<u>Disabled adult in need of protective services</u>" means a disabled adult who is subject to abuse, neglect, or exploitation as a result of that adult's mental or physical incapacity.

34.

The plaintiff is in need of essential services as defined by O.C.G.A. § 30-5-3(8). "<u>Essential services</u>" means social, medical, psychiatric, or legal services necessary to safeguard the disabled adult's or elder person's rights and resources and to maintain the physical and mental well-being of such person. These services shall include, but not be limited to, the provision of medical care for physical and mental health needs, assistance in personal hygiene, food, clothing, adequately heated and ventilated shelter, and protection from health and safety hazards but shall not include the taking into physical custody of a disabled adult or elder person without that person's consent.

35.

The defendants exploited the plaintiff as defined by O.C.G.A. § 30-5-3(9). "Exploitation" means the illegal or improper use of a disabled adult or elder person or that person's resources through undue influence, coercion, harassment, duress, deception, false representation, false pretense, or other similar means for one's own or another's profit or advantage.

36.

The defendants neglected the plaintiff as defined by O.C.G.A. § 30-5-3(10). "Neglect" means the absence or omission of essential services to the degree that it harms or threatens with harm the physical or emotional health of a disabled adult or elder person.

37.

The plaintiff was denied protective services as defined by O.C.G.A. § 30-5-3(11). "Protective services" means services necessary to protect a disabled adult or elder person from abuse, neglect, or exploitation. Such services shall include, but not be limited to, evaluation of the need for services and mobilization of essential services on behalf of a disabled adult or elder person.

38.

Plaintiff engaged in protected activity by protesting what he perceived as discriminatory acts based on his disability.

39.

Defendants took adverse action against him because of plaintiff's disabilities.

40.

The actions of the defendant as set out above were consumer acts or practices.

41.

The violations of the Fair Housing Act and it's Georgia counterpart were per se violations of the Georgia Fair Business Practices Act.

42.

The actions of the plaintiff violated the Georgia Fair Business Practices Act of 1975, because the defendants were attempting to collect money to which they were not entitled.

43.

As a proximate result of the defendant's actions, the plaintiff was damaged in the amount of $109,291.47 plus $150,000 in emotional distress damages.

44.

Because of the intentional nature of defendant's conduct, the plaintiff is liable for treble damages.

45.

Plaintiff is entitled to reasonable attorney fees.

WHEREFORE, Plaintiff prays for an award of $409,291.47:

1. For damages and violations as set out above;

2. For Actual Damages

3. For Punitive Damages

6. For Emotional Distress Damages

8. For Physical Distress Damages

10. For the consent agreement from Case #19ED13285 to be rescinded

11. For attorney fees and costs;

13. For such other and further relief as is just and proper

Respectfully submitted this 26th day of October, 2022,

/s/ Ron Leslie

Ron Leslie, plaintiff pro se